**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAFINA MUNEER, a U.S. Citizen, | |
| | Case No.  1:20-cv-01929 |
| 9943 Via San Marco Loop | |
| Fort Myers, FL 33905 | |
| | |
| TAHIR ULLAH, her husband, | |
| | |
| Khari Qilla Mera Musazai | |
| Peshawar, Pakistan | |
| | |
| MALIK HAMID MUNEER, a U.S. Citizen | |
| | |
| 9943 Via San Marco Loop | |
| Fort Myers, FL 33905 | |
| | |
| HUMAIRA MUNEER, his wife | |
| | |
| Qilla Stop Mera Musazai | |
| Peshawar, Pakistan | |
| | |
|     Plaintiffs, | |
| | |
| v. | |
| | |
| UNITED STATES DEPARTMENT OF | |
| HOMELAND SECURITY, | |
| | |
| Serve:  Office of the General Counsel | |
|             Department of Homeland Security | |
|             Mail Stop 3650 | |
|             Washington, D.C. 20528 | |
| | |
| UNITED STATES CITIZENSHIP AND | |
| IMMIGRATION SERVICES, | |
| | |
| Serve:  U.S. Citizenship & Immigration | |
|             Services | |
|             425 I. Street, N.W., Room 6100 | |
|             Washington, D.C. 20536 | |
| | |
| UNITED STATES DEPARTMENT OF | |
| STATE, | |
| | |
| Serve:  Executive Office | |
|             Office of the Legal Adviser | |

Suite 5.600
600 19th St. NW
Washington, DC 20522

U.S. EMBASSY, Islamabad, Pakistan,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

CHAD WOLF, Acting Secretary of the
Department of Homeland Security,

Serve:  Office of the General Counsel
        Department of Homeland Security
        Mail Stop 3650
        Washington, D.C. 20528

KENNETH CUCCINELLI, Director of the
United States Citizenship and Immigration
Services,

Serve:  U.S. Citizenship & Immigration
        Services
        425 I. Street, N.W., Room 6100
        Washington, D.C. 20536

MICHAEL POMPEO, United States Secretary
of State,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

and;
PAUL W. JONES, Chargé d'Affaires a.i. of the
United States at the U.S. Embassy, Islamabad,
Pakistan,

Serve:  Executive Office
        Office of the Legal Adviser
        Suite 5.600
        600 19th St. NW
        Washington, DC 20522

Defendants.

## COMPLAINT IN THE NATURE OF MANDAMUS ARISING FROM DEFENDANTS' REFUSAL TO ADJUDICATE PLAINTIFFS' IMMIGRANT VISA APPLICATIONS

COME NOW Plaintiffs, Safina Muneer, her husband Tahir Ullah, Malik Hamid Muneer, and his wife Humaira Muneer, to respectfully request that this Honorable Court issue a writ of mandamus compelling Defendants to adjudicate Mr. Ullah and Ms. Muneer's long-delayed spouse visa applications.

## PARTIES

1.  Plaintiff Safina Muneer is a citizen of the United States.  She was born in Peshawar, Pakistan, but subsequently became a United States citizen through her parents.

2.  Plaintiff Tahir Ullah is a citizen of Pakistan, currently residing in Pakistan.

3.  Plaintiff Malik Hamid Muneer is a citizen of the United States.  He was born in Peshawar, Pakistan, but subsequently became a United States citizen through his parents.

4.  Plaintiff Humaira Muneer is a citizen of Pakistan, currently residing in Pakistan.

5.  Defendant Department of Homeland Security (hereinafter sometimes referred to as "the DHS") is the agency of the United States that is responsible for implementing the petition for alien relative provisions of the law and assisting the DOS with background and security checks.

6.  Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is responsible for processing petitions filed on behalf of alien relatives seeking to file spouse visa applications.

7.  Defendant Department of State (hereinafter sometimes referred to as "the DOS")

is the agency of the United States that is responsible for communicating with the DHS and managing Defendant Embassy of the United States in Islamabad, Pakistan, and which is responsible for implementing the immigrant visa provisions of the law.

8.  Defendant Embassy of the United States in Islamabad, Pakistan (hereinafter sometimes referred to as "the Islamabad Embassy") is a component of the DOS that is responsible for processing immigrant visa applications and implementing the immigrant and non-immigrant visa provisions of the law.

9.  Defendant Chad Wolf, the Acting Secretary of the DHS, is the highest ranking official within the DHS.  McAleenan, by and through his agency for the DHS, is responsible for the implementation of the Immigration and Nationality Act (hereinafter sometimes referred to as "the INA"), and for ensuring compliance with applicable federal law, including the Administrative Procedures Act (hereinafter sometimes referred to as "the APA").  McAleenan is sued in his official capacity as an agent of the government of the United States.

10. Defendant Kenneth Cuccinelli, Director of the USCIS, is the highest ranking official within the USCIS.  Cuccinelli is responsible for the implantation of the INA and for ensuring compliance with all applicable federal laws, including the APA.  Cuccinelli is sued in his official capacity as an agent of the government of the United States.

11. Defendant Michael Pompeo, the U.S. Secretary of State, is the highest ranking official within the DOS.  Pompeo is responsible for the implementation of the INA and for ensuring compliance with applicable federal laws, including the APA.  Pompeo is sued in his official capacity as an agent of the government of the United States.

12. Defendant Paul W. Jones is the Chargé d'Affaires a.i of the United States Embassy in Islamabad, Pakistan.  Jones is being sued in his official capacity as an agent

of the government of the United States.

## JURISDICTION AND VENUE

13. This Honorable Court has federal question jurisdiction over this cause pursuant to 28 U.S.C. § 1331, as it raises claims under the Constitution of the United States, the INA, 8 U.S.C. § 1101 et seq., and the APA, 5 U.S.C. § 701 et seq, in conjunction with the Mandamus Act, 28 USC § 1361.

14. Venue is proper pursuant to 28 U.S.C. § 1391(e)(1) because (1) Defendants are agencies of the United States or officers or employees thereof acting in their official capacity or under color of legal authority; (2) no real property is involved in this action, and; (3) the Defendants all maintain offices within this district.

15. This Honorable Court is competent to adjudicate this case, notwithstanding the doctrine of consular non-reviewability, *see United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537 (1950), because Defendants have not made any decision in regard to Tahir Ullah's and Humaira Muneer's visa applications.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16. Safina Muneer is the spouse of Tahir Ullah and is the spouse visa petitioner for Tahir Ullah's immigrant visa application.

17. Malik Hamid Muneer is the spouse of Humaira Muneer and is the spouse visa petitioner for Humaira Muneer's immigrant visa application.

18. Under federal immigration law, USCIS is authorized to approve a spouse visa application filed by a U.S. citizen and to issue an immigrant visa to allow the spouse to enter the U.S.

19. Tahir Ullah and Humaira Muneer are both Pakistani citizens, who currently live

in Pakistan.  Pakistan is a predominantly Muslim country.

20. Safina Muneer and Malik Hamid Muneer filed visa petitions for their respective spouses with the USCIS on April 29, 2016, more than three and a half years ago.

21. Plaintiffs paid, and Defendants accepted, all applicable filing and visa fees.

22. USCIS purportedly approved Plaintiffs' I-130 spouse visa petitions on December 1, 2016.

23. The cases should have then been sent to the National Visa Center (NVC), a part of the U.S. Department of State for visa processing.  Upon information and belief, the NVC completed its processing of the cases and sent them to the U.S. embassy in Islamabad, Pakistan for interviews.

24. The State Department conducted Plaintiff Tahir Ullah and Plaintiff Humaira Muneer's visa interviews on or about January 23, 2018.  Since that time, the agency has refused to issue decisions on these cases.  Both cases are listed as undergoing "administrative processing."

25. Plaintiffs have made repeated attempts to obtain a decision in this matter without involving this honorable Court. Plaintiffs have contacted the Embassy multiple times. This has led nowhere.

26. Plaintiffs filed a prior case in this District, 1:19-cv-01072, on April 17, 2019 against the same Defendants. The Defendants filed a motion to dismiss, arguing that the Plaintiffs had not waited long enough to file their mandamus suit. The Court agreed and dismissed the case on August 27, 2019. Plaintiffs filed a second case, Case number 1:19-cv-03401, this case was also dismissed. Despite these lawsuits, Plaintiffs continue to wait.

27. Plaintiffs have now been waiting **over four years for their spouses to get their**

**visas.**  This delay is unreasonable.

**FIRST CLAIM FOR RELIEF**
**(Agency Action Unlawfully Withheld and Unreasonably Delayed)**

For their first claim for relief against all Defendants, Plaintiffs allege and state as follows:

28. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

29. The APA requires that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. § 555(b).  Section 555(b) creates a non-discretionary duty to conclude agency matters.  *Litton Microwave Cooking Prods. v. NLRB*, 949 F.2d 249, 253 (8th Cir. 1991).  A violation of this duty is a sufficient basis for mandamus relief.

30. The APA permits this Honorable Court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).

31. The Defendants have refused to adjudicate Plaintiffs' applications and to issue the requested visa applications.

32. The DOS regularly works with the DHS when carrying out background and security investigations that are delayed by administrative processing.

33. The DHS has a policy, known as the "Controlled Application Review and Resolution Program" (hereinafter sometimes referred to as "the CARRP") that intentionally delays the applications of applicants such as Humaira Muneer and Tahir Ullah due to security concerns.

34. On information and belief, Plaintiffs allege that the Defendants are intentionally delaying a response to the DOS in regard to Humaira Muneer and Tahir Ullah's visa

applications pursuant to the CARRP program.  Plaintiffs allege that this delay is due to Humaira Muneer and Tahir Ullah being from a predominantly Muslim country.

35. Upon information and belief, Plaintiffs allege that the USCIS and the DOS are and have been complicit in the delay in processing Humaira Muneer and Tahir Ullah's visa applications.

36. Since 2008, the Defendants have used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns." CARRP prohibits USCIS field officers from approving an application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

37. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA. Rather, CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and overbroad criteria that bear little, if any, relation to the security-related statutory ineligibility criteria. The CARRP definition casts a net so wide that it brands innocent, law-abiding residents, like Plaintiffs—none of whom pose a security threat—as "national security concerns" on account of innocuous activity and associations, and characteristics such as national origin.

38. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

39. Plaintiffs allege that Humaira Muneer's and Tahir Ullah's applications have been

in administrative processing beyond a reasonable time period for completing administrative processing of their visa applications.

40. The combined delay and failure to act on Humaira Muneer and Tahir Ullah's immigrant visa applications is attributable to the failure of Defendants to adhere to their legal duty to avoid unreasonable delays under the INA and the applicable rules and regulations.

41. There are no alternative adequate or reasonable forms of relief available to Plaintiffs.

42. Plaintiffs have exhausted all administrative remedies available to them in pursuit of a resolution of this matter, including repeatedly requesting the processing of their cases.

## <u>SECOND CLAIM FOR RELIEF</u>
### (Violation of Right to Due Process of Law)

For their second claim for relief against all Defendants, Plaintiffs allege and state as follows:

43. Plaintiffs reallege and incorporate by reference the foregoing paragraphs as though fully set out herein.

44. The right to fundamental fairness in administrative adjudication is protected by the Due Process Clause of the Fifth Amendment to the United States Constitution. Plaintiffs may seek redress in this Court for Defendants' combined failures to provide a reasonable and just framework of adjudication in accordance with applicable law.

45. The combined delay and failure to act by Defendants has violated the due process rights of Plaintiffs.

46. The combined delay and failure to act by Defendants has irrevocably harmed Plaintiffs by causing a loss of consortium between them, among other ways.

**REQUEST FOR RELIEF**

WHEREFORE, Safina Muneer, Tahir Ullah, Malik Hamid Muneer, and Humaira Muneer request the following relief:

1. That this Honorable Court assume jurisdiction over this action;

2. Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; Article 1, Section 8, Clause 4 of the United States Constitution; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

3. Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiffs' immigration benefit applications;

4. Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

5. That this Honorable Court issue a writ of mandamus compelling Defendants to promptly complete all administrative processing within sixty days;

6. That this Honorable Court take jurisdiction of this matter and adjudicate Tahir Ullah's and Humaira Muneer's immigrant visa pursuant to this Court's declaratory judgment authority;

7.  That this Honorable Court issue a writ of mandamus compelling Defendants to issue an immigrant visa to Tahir Ullah and Humaira Muneer;

8. That this Honorable Court issue a writ of mandamus compelling Defendants to explain to Plaintiffs the cause and nature of the delay and inform Plaintiffs of any action they may take to accelerate processing of the visa applications;

9.   Attorney's fees, legal interests, and costs expended herein, pursuant to the Equal

Access to Justice Act, 28 U.S.C. § 2412;

10. Such other and further relief as this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED**
this 8th day of July, 2020


***/s/ James O. Hacking, III***
James O. Hacking, III
MO Bar # 46728
Hacking Law Practice, LLC
10900 Manchester Road, Suite 203
St. Louis, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackinglawpractice.com

**ATTORNEYS FOR PLAINTIFFS**
